Young and Co. having obtained a judgment against Dorsey, in an action of assumpsit, for goods, wares and merchandize sold, he filed his bill and obtained an injunction for 8 26 50, for which he alleges he held their receipt, in part discharge of the account upon which judgment was rendered. He alleges no excuse for not using the receipt on the trial at law ; he does not even state that it was not ubed ; but he charges, that after the verdict was rendered, he compared the accounts and receipts, and would have moved the court for a new trial, but was taken sick and unable to get to court, until it had adjourned.
Where a matter alleg, ed asa ground of equity was properly triable at law, and sufficient reason is not shown, why it was not so tried, chancery has no jurisdiction.
In such case, if there is no allegation that -it was not tried at law, it will be presumed tq have been tried.
Young and Co. admit the receipt, but allege that it was given m consequence or notes and orders delivered to them by Dorsey upon others; and those notes, &c. not being paid, were returned to Dorsey, who took them back and agreed to settle the amount. They insist that there was a fair and full trial at law, and do not admit the matter alleged by Dorsey as an excuse for not applying for a new trial.
The circuit court, on a final hearing, decreed a perpetual injunction, and to that decree Young and Co. have prosecuted this writ of error.
2 We are, entirely at a loss to perceive the ground upon which the circuit court granted reliet to JJorsey. There is but one deposition in the cause, and that, we think, substantially supports the allegations of the answer ; but, independent of that circumstance, we apprehend Dorsey has shown no right to relief in a court of equity. The credit which he claims might have been properly asserted on the trial at law ; and the presumption is, that it was, since he does not even allege the contrary ; and if it was tried at law, it is plain it could not again be re.tried in a court of equity. The only pretence, indeed, which he alleges for resorting to a court of equity, is his inability (owing to his sickness) to apply for a new trial, until the court had adjourned ; but of this allegation there is not a particle of proof in the cause.
The decree must be reversed with costs, the cause be remanded, that the injunction may be dissolved and the bill be dismissed with damages and costs.